IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA LORENA HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GOLDEN GATE REGIONAL CENTER, et al.,<br><br>    Defendants. | Case No. 24-cv-04668-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |

Before the Court are two motions: (1) defendant Aveanna Healthcare, LLC's ("Aveanna") "Motion to Dismiss Pursuant to Federal Rule 12(b)(6)," filed September 16, 2024, and amended September 30, 2024; and (2) defendant Golden Gate Regional Center's ("GGRC") "Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)," filed September 27, 2024. Plaintiff Juana Lorena Hernandez ("Hernandez"), who proceeds pro se, has filed opposition to each motion; Aveanna and GGRC have filed separate replies. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for November 22, 2024, and rules as follows:

1. Hernandez's Title VII claim is hereby DISMISSED:

    a. To the extent the claim is asserted against GGRC, the claim is subject to dismissal, as Hernandez fails to plead any facts to support her conclusory allegation that GGRC was her employer. See Equal Employment Opportunity Comm'n v. Global Horizons, Inc., 915 F.3d 631, 633 (9th Cir. 2019) (holding "Title VII imposes liability for discrimination on employers") (internal quotation, alteration, and citation omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice").

      b. To the extent the claim is based on a theory that Hernandez was terminated on account of her sex (see Compl. ¶ 5), the claim is subject to dismissal, as Hernandez fails to allege any facts to support a finding her termination was based on her sex; rather, Hernandez alleges she was terminated in retaliation for having reported that James Cheng ("Cheng") engaged in "physical abuse" against a "disabled adult" (see Compl. Ex. 1 ¶ 6.6).[1]

      c. To the extent the claim is based on a theory that Hernandez's termination was in retaliation for her having reported Cheng's alleged physical abuse of a disabled person (see id.), the claim is subject to dismissal, as Hernandez fails to allege any facts to support a finding that her report constituted opposition to "any practice made an unlawful employment practice by [Title VII]" or that it pertained to "an investigation, proceeding, or hearing under [Title VII]," see 42 U.S.C. § 2000e-3(a).

      c. To the extent the claim is based a theory that Cheng, during the course of Hernandez's employment, subjected Hernandez to sexual harassment (see Compl. Ex. 1 ¶ 6.5), the claim is subject to dismissal, as Hernandez fails to plead any facts to support a finding that Aveanna and GGRC, assuming they were her joint employers along with Cheng, "knew or should have known" about Cheng's alleged conduct and "failed to undertake prompt corrective measures within [their] control," see Global Horizons, 915 F.3d at 641 (setting forth showing necessary to hold joint employer liable for conduct of another joint employer; holding "one joint employer is not automatically liable for the actions of the other").

      d. In light of Hernandez's allegation that she was terminated in May 2022 and that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 15, 2024 (see Compl. ¶¶ 7, 8), Hernandez's claim is time-

---

[1] Hernandez alleges Cheng, who is not a defendant, was her employer, along with Aveanna and GGRC.

barred,[2] as her charge was filed more than 300 days after her termination, see 42 U.S.C. § 2000e-5(e)(1),[3] and Hernandez alleges no facts to support a finding that an exception to the statute of limitations exists, see Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988) (holding, "to invoke the benefit of [an exception to the statute of limitations], the plaintiff must allege facts that, if believed, would provide a basis for [the exception]").

2. As Hernandez's Title VII claim is subject to dismissal, and the above-titled action remains at the early stages, the Court declines to exercise supplemental jurisdiction over Hernandez's state law claims. See 28 U.S.C. § 1367(c)(3) (providing district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (holding "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims"). Accordingly, Hernandez's state law claims are hereby DISMISSED without prejudice to said claims being reasserted in an amended complaint or in state court.

3. Hernandez is hereby afforded leave to amend. If Hernandez elects to file a First Amended Complaint, she shall do so no later than December 13, 2024.

**IT IS SO ORDERED.**

Dated: November 18, 2024

MAXINE M. CHESNEY
United States District Judge

---

[2] For purposes of the instant motion, the Court assumes Hernandez's Title VII claim accrued on May 31, 2022.

[3] Although the deadline to file a charge with the EEOC ordinarily is 180 days from the date of the alleged adverse employment act, the deadline is extended to 300 days from said date where the plaintiff first files a charge with a state agency. See id. Here, Hernandez, in her oppositions, states that, on January 27, 2023, she submitted a charge to California's Civil Rights Department. (See Pl.'s Opp. to Aveanna's Mot. at 2:16-17, 26; Pl.'s Opp. to Golden Gate's Mot. at 3:24-25, 4:5.)